UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MARVIN CHARO COLLINS,<br><br>    Defendant. | Case No. 1:24-cr-00255-JLT<br><br>ORDER DENYING MOTION TO DISMISS THE INDICTMENT<br><br>(Doc. 87) |

Mr. Collins is charged with five counts of making false claims against the United States in violation of 18 U.S.C. § 287 in relation to five tax returns submitted to the Internal Revenue Service for tax years 2017 through 2020. (Doc. 1.) In his current motion, Mr. Collins seeks dismissal of the indictment, arguing that it fails to adequately apprise him of the charges[1]. Because the Court finds that the indictment adequately informs Mr. Collins of the essential elements of the offenses, the motion is **DENIED**.

**I.    Analysis**

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that an indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." An indictment need only contain the elements of the charges so that the defendant may prepare a defense and invoke the Double Jeopardy Clause if the defendant is charged in a future

---

[1] Mr. Collins does not seek a bill of particulars.

1

prosecution for the same conduct. *Hamling vs. United States*, 418 U.S. 87, 117-118 (1974).

The Government is not required to provide precise details because the indictment "need not specify the theories or evidence upon which the government will rely to prove" its case. *United States v. Cochrane*, 985 F.2d 1027, 1031 (9th Cir. 1993). A defendant is entitled to notice of the charges he faces, not "to know all of the evidence the government would use to prove the charges against him." *United States v. Mancuso*, 718 F.3d 780, 790 (9th Cir. 2013). Even still, Mr. Collins complains that the indictment fails to set forth sufficient factual information to apprise him of the falsity that the government contends was included in each of the tax documents. He relies upon *United States v. Cochrane*, 985 F.2d 1027, 1031 (9th Cir. 1993), despite that the Court held that the indictment was sufficient. *Cochrane* held,

> To the extent that Cochrane also challenges the sufficiency of the indictment apart from his claim of jurisdictional insufficiency, his claims are meritless. An indictment must provide the essential facts necessary to apprise a defendant of the crime charged; it need not specify the theories or evidence upon which the government will rely to prove those facts. *United States v. Jenkins*, 884 F.2d 433, 438–39 (9th Cir.), cert. denied, 493 U.S. 1005 (1989). The indictment informed Cochrane that he was charged with making false tax returns in 1985 and 1986 and identified the particulars in which the returns were alleged to be false. It also informed him that he was charged with assisting and advising the preparation of returns for other persons identified in the indictment who falsely claimed foreign income exclusions, and recited the dates of the returns and the amounts of the false claims. We find the indictment sufficient.

*Id.* As in *Cochrane*, here, the indictment notifies Mr. Collins when the wrongful conduct occurred. The indictment alleges the tax returns were filed on or about July 6, 2020, November 14, 2019, October 26, 2021, January 14, 2020, and January 8, 2021, as to Counts One through Five, respectively. (Doc. 1 at 3 ¶ 14). The use of the phrase "on or about" is sufficient to give notice of when the alleged conduct occurred. *United States v. McCown*, 711 F.2d 1441, 1450 (9th Cir. 1983).

Second, the indictment alleges where the wrongful conduct occurred. As to each Count, the indictment alleges that it occurred "in Tulare and Sacramento County, State and Eastern District of California. (Doc. 1 at 3) Third, the indictment alleges what the government contends constitutes the wrongful conduct and how it occurred. The indictment alleges,

10. On or about May 22, 2017, COLLINS obtained an EIN (#82-63 lXXXX) with

the IRS for Marvin C Collins Estate.

11. COLLINS subsequently used the EIN to file numerous false, fictitious, and fraudulent tax forms and estate federal income tax returns, including Forms 1041, Forms 1096, Schedule C Form 1040, Schedule K-1, Forms 1099-A, and Forms 1099-OID, with the IRS that falsely reported business income and large amounts of that income purportedly withheld by the IRS. The claimed income and withholdings were false and fabricated by COLLINS. In fact, he had little to no known employment or earned income from 201 7 to 2023.

12. COLLINS caused the Treasury to issue an income tax refund check in the amount of $682,768.31 to the Marvin C Collins Estate, and to mail the refund check to his post office box in Sacramento County, State and Eastern District of California. The refund check was issued in response to a false 2018 Form 1041 estate tax return COLLINS caused to be filed on or about November 14, 2019, in the name of Marvin C Collins Estate. COLLINS endorsed the refund check and deposited it, into a Wells Fargo account ending in -1522, held in the name of Marvin C. Collins Trust and Marvin C. Collins TTE, which was controlled and managed by COLLINS. COLLINS then spent the funds on personal expenses.

13. As a result of COLLINS' conduct, he falsely claimed tax refunds exceeding $4,000,000.

14. On or about the dates set forth below, in Tulare and Sacramento County, State and Eastern District of California, COLLINS made and presented, and caused to be made and presented, to the Internal Revenue Service, an agency of the United States Department of the Treasury, claims against the United States for payment of a refund of taxes, which he then and there knew to be false, fictitious, and fraudulent. COLLINS made the claims by preparing and causing to be prepared, and presenting and causing to be presented to the Internal Revenue Service, U.S. Income Tax Return for Estates and Trusts, Form 1041, requesting a refund to which COLLINS knew he was not entitled.

(Doc. 1 at 2-3) The indictment then sets forth the amounts of the refunds alleged to have been claimed illegally by Mr. Collins. *Id*.

The assertion that the factual allegations set forth in paragraph are deficient because they are contained in the prefatory language is not explained. Mr. Collins fails to cite to any authority for the proposition that prefatory language may not provide the details needed to apprise the defendant of the conduct at issue. To the contrary, courts have held that an indictment should be: (1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense. *See United States v. Inryco, Inc.*, 642 F.2d 290, 294 (9th Cir. 1981); *United States v. Anderson*, 532 F.2d 1218, 1222 (9th Cir.), cert. denied, 429 U.S. 839, 97 S.Ct. 111, 50 L.Ed.2d 107 (1976) ["Even if an essential averment in an indictment is faulty in form, if it may by fair construction be found within the text, it is sufficient."]

3

Indeed, in the cases the Court has located, prefatory language may inform the defendant of the charge against which he/she must defend. In *United States v. Barany*, 884 F.2d 1255 (9th Cir. 1989), the Court found that though the prefatory language included a period that was greater that the crimes of conviction, the indictment charging the defendant with mail fraud was sufficiently precise. *Id.* at 1257, 1261. Even where the prefatory language is somewhat confusing, the Ninth Circuit has found indictments to be sufficient to withstand a Rule 7 motion to dismiss. For example, in *United States v. Bonallo*, 858 F.2d 1427, 1430 (9th Cir. 1988), the Court found that even though the prefatory language alleged conduct that was not at issue and failed to specify the relevant subsection of the statute, it "fairly informed [the defendant] of the charge against which he was required to defend." *Id*. at 1431. The Court held similarly in *United States v. Richardson*, 38 F.3d 1219 at * 2 (9th Cir. 1994).

Unlike the confusing prefatory language discussed in these authorities, here, the prefatory language is neither confusing nor misleading. The indictment alleges that as to each of the tax forms listed, Mr. Collins "falsely reported business income and large amounts of that income purportedly withheld by the IRS. The claimed income and withholdings were false and fabricated by COLLINS." (Doc. 1 at 3.) Despite Mr. Collins' assertions, to meet the pleading standard,

> the Government need not allege specific misstatements to meet the "fair notice" requirement. This is confirmed by *United States v. Buckley*, 689 F.2d 893 (9th Cir. 1982). "[A]n indictment should be: (1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense." Id. at 899. Common sense, not specific allegations is the standard. See *Curtis*, 506 F.2d at 990 ("While the particulars of the scheme ... must be described with a degree of certainty sufficient to ... fairly to acquaint the defendant will [sic] the particular fraudulent scheme charged against him, still the scheme itself need not be pleaded with all the certainty in respect of time, place, and circumstance...." (emphasis added)).

*United States v. Holmes*, No. 5:18-CR-00258-EJD, 2020 WL 666563, at *6 (N.D. Cal. Feb. 11, 2020). Likewise, in *United States v. Livingston*, 725 F.3d 1141, 1147 (9th Cir. 2013), overruled on other grounds by *United States v. Miller*, 953 F.3d 1095 (9th Cir. 2020), the Court considered whether the indictment was sufficient despite that it failed to provide specific details about the crime including identifying the particular items that were stolen and exactly when. *Livingston* relied on *States v. Hinton*, 222 F.3d 664, 672 (9th Cir.2000), where it stated, "The test of

4

sufficiency of the indictment is not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *Livingston* at 1146. *Livingston* continued, "the indictment conformed to constitutional standards because it alleged a narrow, three-month window during which the theft allegedly took place, it identified the items purchased as "sports and music memorabilia," and it identified the alleged method of payment—a company credit card. The indictment alleged all elements of § 1168 and sufficiently specific factual content to apprise Livingston of the specific offense with which he was charged." *Id*. at 1146-1147.

Finally, here the indictment alleges federal court jurisdiction. It alleges that the Internal Revenue Service is an agency of the United States Department of Treasury and that "that is responsible for administering and enforcing the tax laws of the United States and collecting taxes owed to the United States." (Doc. 1 at 2) The indictment then sets forth the factual allegations, set forth above, as to how these acts constituted a false claim presented to the United States, through the United States Department of Treasury and its agency, the IRS. *Id.*

The defendant cites *United States v. Hillie*, 227 F. Supp. 3d 57 (D.C. Cir. 2017), for the proposition that cases, such as Mr. Collins', require greater factual specificity. However, in *Hillie*, there were seven overlapping counts which charged identical crimes. The *Hillie* court noted, "Because nothing in these counts reveals the particular conduct that Hillie allegedly engaged in with respect to J.A.A. during this overlapping multi-year period, one cannot tell whether the charges relate to distinguishable or separate child-pornography-production offenses, and, indeed, it is not at all clear that these counts even reference different acts on the Defendant's part." *Id*. at 73. Here, in contrast, the factual allegations sufficiently set forth the conduct at issue and how this conduct resulted in the presentation of the tax returns described in Counts 1 through 5. Taken together, the factual allegations give sufficient information to Mr. Collins for purposes of Rule 7.

///

///

///

///

5

## II.   Conclusion

Because the Court finds the indictment sufficiently addresses each of the elements of the offenses, the motion to dismiss the indictment is **DENIED**.

IT IS SO ORDERED.

Dated:   **July 23, 2025**

UNITED STATES DISTRICT JUDGE