UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARVIN CHARO COLLINS,<br><br>　　　　　Defendant. | Case No.: 1:24-cr-00255 JLT SKO<br><br>ORDER GRANTING THE MOTION FOR RECONSIDERATION<br><br>(Doc. 94) |

### I. **INTRODUCTION**

Mr. Collins is charged with five counts of making false claims against the United States in violation of 18 U.S.C. § 287 in relation to five tax returns submitted to the Internal Revenue Service for tax years 2017 through 2020. (Doc. 1.) On July 18, 2025, the Court issued an order addressing certain motions in limine. (Doc. 88.) As to the government's request to admit evidence pursuant to Federal Rule of Civil Procedure 404(b), the Court denied the motion without prejudice as to: (1) Mr. Collins' bankruptcy filing in 2011; (2) his collection of unemployment benefits from 2013 to 2017; and (3) his purchases of precious metals. (*Id*. at 22–25.) The Court left open the possibility of reconsidering the ruling if presented with a more robust showing as to the relevance of these records. (*Id.*) On July 21, 2025, the government moved for reconsideration of the ruling as to the defendant's past tax filings, which demonstrate unemployment benefits received, and the precious metals purchases. (Doc. 94.) Mr. Collins filed an opposition on July 23, 2025. (Doc. 104.)

1

The Court incorporates by reference herein the reasoning and authorities provided in its July 18, 2025 order. For the additional reasons set forth below, the motion is **GRANTED**.

## II.   DISCUSSION AND ANALYSIS

### A.   Applicable Legal Standards

Rule 404(a) provides "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a). Rule 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). Rule 404(b) provides, however, that prior acts evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b).

The Ninth Circuit has held that "Rule 404(b) is a rule of inclusion." *United States v. Alfonso*, 759 F.2d 728, 739 (9th Cir. 1985). "Thus, evidence of past wrongful acts is admissible if it is relevant to an issue other than the defendant's character or criminal propensity." *Id*. Generally, evidence of other acts that explain the nature of the relationship between the defendant and a witness and/or put their interactions into context is admissible under Rule 404(b). *See United States v. McKoy*, 771 F.2d 1207, 1214 (9th Cir. 1985). Once relevance is established, the district court should admit the evidence unless its prejudicial impact substantially outweighs its probative value. *Id*.

Because evidence of other crimes or wrongful conduct is potentially prejudicial, see *Alfonso*, 759 F.2d at 739, it may only be admitted under 404(b) if it: "(1) it tends to prove a material fact; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the act; and (4) where knowledge and intent are at issue, the act is similar to that charged." *United States v. Tsinnijinnie*, 91 F.3d 1285, 1288–89 (9th Cir. 1996)

### B.   Purchases of Precious Metals

The government moves for reconsideration of the Court's July 18, 2025, order regarding

1  evidence that Mr. Collins used a refund issued by the IRS based on the false tax return charged in
2  Count Two to purchase precious metals, including gold and silver coins and bars, totaling
3  approximately $292,000 between May 2019 and September 2020. (*See* Doc. 75 at 9; Doc. 94 at
4  4–5.) As the July 18, 2025 order indicated, (Doc. 88 at 4), "evidence of wealth or lavish lifestyle
5  is not admissible standing alone but may be admissible to prove motive, knowledge, or intent."
6  *United States v. Holmes*, No. 5:18-CR-00258-EJD-1, 2021 WL 2044470, at *3–4 (N.D. Cal. May
7  22, 2021), *aff'd*, 129 F.4th 636 (9th Cir. 2025). Moreover, the prejudicial impact of poverty
8  evidence is "diminished' in the context of wealth evidence, because wealth evidence. . . does not
9  entail the same risk of unfair prejudice." *Id*.

10  On reconsideration, the government first contends that the precious metals evidence will
11  be probative of Mr. Collins' identity. (Doc. 94 at 4.) Specifically, the government is concerned
12  about identity because Mr. Collins submitted returns to the IRS in the name of numerous entities,
13  in addition to his own name. (*Id*. at 5.) The government is also concerned that Mr. Collins may
14  claim during trial that he is not Marvin Charo Collins, but instead is "Aamir Ayoub El Bey." (*Id*.)

15  In response, the defense is somewhat equivocal. Initially, the opposition indicates, "there
16  will be no dispute that Mr. Collins filed the tax returns the government alleges were false,
17  fictitious, and fraudulent." (Doc. 104 at 1.) On the next page, the defense reports, "The defense
18  does not anticipate any dispute that Mr. Collins filed the tax returns the government alleges were
19  false, fictitious, and fraudulent." *Id*. at 2. Thus, it is unclear whether the defense has offered a
20  stipulation or how the defendant will proceed. Short of a stipulation, the government must prove
21  that it was the defendant who submitted the documents at issue to the IRS. In light of the
22  defendant's anticipated position that he is not Marvin Charo Collins and absent a stipulation that
23  he is the person who submitted the documents, the government's argument that the purchase of
24  the precious metals by the defendant identifies him as the person who submitted the tax
25  documents appears consistent with 404(b). The Court finds that the probative value of this
26  evidence is high for this purpose, and it substantially outweighs the risk of unfair prejudicial. Fed.
27  R. Evid. 403. Thus, the motion for reconsideration is **GRANTED**.

28  The government argues also that if Mr. Collins testifies that the false returns were the

1  product of mistake or misunderstanding, or that he did not knowingly or intentionally submit false
2  returns, the government should be permitted to cross-examine him about evidence of his spending
3  of the funds on precious metals, properties, and a vehicle, because it supports an inference that he
4  does not honestly believe he mistakenly submitted false tax returns. (Doc. 94 at 5.) The
5  government cites *United States v. Hope*, 608 Fed. Appx. 831, 839 (11th Cir. 2015), which, though
6  not factually identical, does stand for the general proposition that wealth evidence may be
7  admissible if luxury purchases tend to undermine the factual premise underpinning an intent-
8  based defense. As the government acknowledges (Doc. 95 at 5:23–25), the present record is not
9  robust enough to permit the Court to definitively determine whether the precious metals
10 purchases are probative of any defense that may be raised. As to the use of this evidence for
11 impeachment purposes, the motion is **DEFERRED**. If the defendant does not stipulate that he
12 filed the tax documents, the issue is moot based upon the Court's ruling above. If he does
13 stipulate, before the government seeks to impeach him with this evidence, it **SHALL** raise the
14 issue with the Court outside the presence of the jury.

15       **C.**     **Tax forms filed between 2013 and 2017.**

16       The government now contends that Mr. Collins' tax returns between 2013 and 2017 are
17 relevant to show Mr. Collins' knowledge, intent, and lack of mistake. (Doc. 94 at 6.) The
18 government intends to introduce Forms 1040, U.S. Individual Income Tax Return, that Mr.
19 Collins properly filed between 2013 and 2017. (*Id.* at 1–2.) According to the government, those
20 Forms 1040 did not include false Forms 1099-OID, 1099-A, or Schedule K-1s; some appeared to
21 have been prepared by a tax preparer; and legitimately reported that the defendant's only income
22 for those years was unemployment income. (*Id.* at 2.) The Court agrees with the government that
23 these tax returns, including any information contained therein about unemployment income, tend
24 to show that Mr. Collins' knew how to file a valid tax return, which is relevant to his knowledge,
25 intent, and lack of mistake in later filing false returns. *See United States v. Voorhies*, 658 F.2d
26 710, 715 (9th Cir. 1981); *United States v. Jackson*, 565 Fed. Appx. 662, 662 (9th Cir. 2014)
27 (finding evidence that defendant filed a proper income tax return immediately before charged tax
28

4

1    returns could support a jury finding that defendant acted willfully and without mistake)[1].

2    Mr. Collins argues also that one of the past tax returns the government seeks to offer, GX

3    40, is for Tax Year 2013 and was filed in February 2014, more than five years prior to the filling

4    of the earliest charged return (Nov. 14, 2019 (*see* Doc. 1 at 3)). (Doc. 104 at 3.) In this way, he

5    argues that it is too remote to speak to the conduct at issue here. However, the "Ninth Circuit

6    Court of Appeals has not identified a particular number of years after which past conduct

7    becomes too removed to be admissible pursuant to Fed. R. Evid. 404(b). *United States v.*

8    *Johnson*, 132 F.3d 1279, 1283 (9th Cir. 1997). The appellate court has upheld the introduction of

9    other acts evidence that occurred more than 13 years before the charged acts. *United States v. Vo*,

10   413 F.3d 1010, 1018 (9th Cir. 2005)." *United States v. Guirguis*, No. CR 17-00487 HG, 2018 WL

11   5723291, at *2 (D. Haw. Oct. 30, 2018).[2]

12   On the other hand, the Court cannot ignore the significant probative value of the prior tax

13   returns, which plainly bear on a material issue: whether Mr. Collins acted willfully or due to a

14   mistake when he filed the returns alleged to be fraudulent here. The fact that he filed the prior

15   returns properly stands in stark contrast to what he is alleged to have done here. *See United States*

16   *v. Gomez,* 763 F.3d 845, 854 (7th Cir. 2014) ("On the other hand, the need to check for similarity

17   and recency may be substantially diminished or nonexistent depending on the particular purpose

18   for which the evidence is offered. . . In some cases the relative similarity of the other act to the

19   charged offense may be unimportant as a test of relevance."). The probative value of this

20   evidence is exceedingly high such that it substantially outweighs any risk of unfair prejudice. Fed.

21   R. Evid. 403. Therefore, for these reasons, and because there is no contention that there is a

---

[1] The Court is not persuaded by Mr. Collins' attempts to distinguish *Jackson* because there was no contention that the prior returns were not properly admitted under Rule 404(b). (Doc. 104 at 3.) Even still, *Jackson* supports a finding that this type of evidence is relevant and admissible under Rule 404(b) to show willfulness. ["Jackson's taking of his actions in a calculated manner, as he shifted from one scheme to the next when the previous schemes failed; Jackson's continued filing of false tax returns even after an IRS agent instructed him that what he was doing was illegal, *id*. at 715 (holding that evidence that defendant "was put on notice of tentative tax deficiencies" yet failed to modify his conduct supports a conviction for willful tax evasion); and Jackson's nonsensical explanations to the IRS as to why his false tax returns were correct . . ." quoting *Cheek v. united States*, 498 U.S. 192, 203-204 (1991). *Jackson,* at 662.]

[2] The Court determined previously that the defendant's bankruptcy filing in 2011 is too remote. The Court stands by that ruling due in large part to the fact that there was not a sufficient showing that the bankruptcy action bears on a material issue, unlike the past tax returns.

5

dispute that the defendant filed the prior returns, the motion for reconsideration is **GRANTED** as to this evidence.

### III.   CONCLUSION AND ORDER

For the reasons set forth above, the government's motion for reconsideration is:

(1)   **GRANTED** as to the evidence of the purchases of precious metals.

(2)   **GRANTED** as to the the defendant's tax filings for tax years 2013 through 2017.

IT IS SO ORDERED.

Dated:   **July 25, 2025**

UNITED STATES DISTRICT JUDGE