UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARVIN CHARO COLLINS,<br><br>Defendant. | Case No.: 1:24-cr-00255 JLT SKO<br><br>ORDER DENYING MOTION TO WITHDRAW GUILTY PLEA; ORDER VACATING THE HEARING ON THE MOTION<br><br>(Doc. 145) |

## I.      **INTRODUCTION**

Mr. Collins was charged with five counts of making false claims against the United States in violation of 18 U.S.C. § 287 in relation to five tax returns submitted to the Internal Revenue Service for tax years 2017 through 2020. (Doc. 1.) He entered a guilty plea to each count in February 2026 and now seeks to set aside these pleas.[1] (Doc. 145) He claims that because he was charged with five counts, the Court was obligated to inform him that the sentences could be imposed consecutively such that the maximum sentence that could be as imposed was 25 years in prison..[2]  He contends also that the Court failed to advise him that it had the authority to impose

---

[1] As he has done and attempted to do throughout this proceeding, Mr. Collins filed his motion pro se, despite having appointed counsel. (Doc. 136) Upon objection by his attorney and a motion to strike the pleading, the Court did so. (Doc. 144)

[2] Counsel for the defendant filed two replies. (Docs. 147; Doc. 148) Counsel then notified the Court that the first reply (Doc. 147) was filed in error. Thus, the Court disregards this filing and considers only the second (Doc. 148). In this reply, the defendant argues for the first time that the language of the Court's colloquy was unclear. (Doc. 148)

restitution. For the reasons set forth below, the motion is **DENIED**[3].

II.     **DISCUSSION AND ANALYSIS**

    A.     **Applicable Legal Standards**

    Under Federal Rules of Criminal Procedure Rule 11, at the change of plea hearing, the Court is required to inform the defendant, among other things, of the maximum possible punishment that could be imposed if the defendant is convicted. Rule 11 reads, "[T]he court must inform the defendant of, and determine that the defendant understands, . . . any maximum possible penalty, including imprisonment, fine, and term of supervised release."  Likewise, Rule 11 requires the Court to inform the defendant of its authority to impose restitution and to make sure the defendant understands this authority. Notably, "A variance from the requirements of this rule is harmless error if it does not affect substantial rights." Once the plea is entered, on the facts presented here, the defendant may seek to withdraw a guilty plea only if he "can show a fair and just reason for requesting the withdrawal."

    "A defendant who did not object to a Rule 11 error in the district court must satisfy plain error review to obtain relief on appeal." *United States v. Vonn*, 535 U.S. 55, 59 (2002). To demonstrate plain error, the defendant must showing that: 1) there was an error, 2) the error was plain, 3) the error affected substantial rights, and 4) the error " 'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.' " *Id*. at 62-63, 122 S.Ct. 1043 (quoting United States v. Olano, 507 U.S. 725, 736 (1993) (alteration in original). In *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004), the Court explained that a Rule 11 error affects substantial rights and therefore satisfies the third prong of the plain error test only when a defendant can show "a reasonable probability that, but for the error, he would not have entered the plea."

    B.     **Failure to sum up the maximum penalties for each count**.

    The defendant argues that he should be allowed to withdraw his guilty pleas because the Court failed to inform him that he could face consecutive sentences if convicted on more than one

---

[3] Because there is no factual dispute to resolve and the questions presented are matters of law, the Court finds no evidentiary hearing is required and argument of the motion is not needed. Thus, the Court **VACATES** the hearing on the motion, set on June 12, 2026.

count. He argues that this is plain error and relies upon *United States v. Rivera-Maldonado*, 560 F.3d 16, 19 (1st Cir. 2009) for this proposition. The problem, however, is that *Rivera-Maldonado* is not on point.

In *Rivera-Maldonado*, 560 F.3d at 19, the magistrate judge taking the plea told the defendant that the maximum term supervised release that could be imposed was three years when, in fact, the maximum term was life. The defendant contended that he this misinformation "played a crucial role" in his determination to enter a plea.[4] *Id*. at 21. Thus, the First Circuit Court determined that the defendant demonstrated that there was error, the error was plain, it affected a substantial right, and it seriously affected the fairness, integrity, or public reputation of the judicial proceeding should he not be allowed to withdraw his guilty plea. *Id*. 22.

Here, the transcript makes clear that the Court advised the defendant as to the maximum amount of prison time, fine and supervised release to which he could be subject if he plead guilty as to any and count:

> THE COURT: If you are convicted of any of these offenses, the maximum possible punishment that could be imposed is five years in custody, a fine of up to $250,000, three years of supervised release, and a special assessment of $100 as to each count. Sir, do you understand the maximum possible punishment that could be imposed if you are convicted?

> THE DEFENDANT: Yes.

(Doc. 130 at 14) Notably, before the Court asked any question, the Court advised the defendant, "If, at any time, you don't understand my question, please let me know that so that I can either explain it to you or I can say it in a different way so that you do understand. And if, at any time, you'd like to consult with your lawyers, please let me know that, and I will give you time to do that." *Id*. at 5. Despite requesting clarification as to other questions, he sought no clarification as to this one. In addition, the Court advised the defendant about the Sentencing Guidelines and made sure that he understood how they would apply in his case and made sure he understood that until the presentence report was prepared, there was no way to predict what his sentence may be.

---

[4] Here, of course, the Defendant files no declaration indicating that he would have chosen not to plead guilty had the Court explicitly told him that he could be sentenced to consecutive sentences. On the other hand, it was apparent that the counts would be grouped under the Guidelines when calculating the Guideline range.

*Id*. at 10-13)

Finally, the Court has found no authority that indicates that the Court must, after informing the defendant as to the maximum penalty that may be imposed as to each count, that the Court then must "do the math for the defendant" and advise him that because the maximum period of incarceration was five years as to each count and five counts were at issue, that this *could* mean that he faced 25 years in custody. Apparently, the defendant knows of no relevant authority either, since he fails to cite to any.

To the contrary, the Ninth Circuit has rejected this argument for more than 50 years. In *United States v. Hamilton*, 568 F.2d 1302, 1305 (9th Cir. 1978) when interpreting the 1971 version of Rule 11, the Court held that advising a defendant that sentences could run concurrently is not required. It held the same in *Villarreal v. United States*, 508 F.2d 1132, 1133 (9th Cir. 1974). In *Johnson v. United States*, 460 F.2d 1203, 1203 (9th Cir. 1972), the Court held, "A sentencing court is not required to advise a defendant that prison terms could be made to run consecutively. *Hinds v. United States* (9 Cir. 1970) 429 F.2d 1322; *Tibbs v. United States* (9 Cir. 1972) 459 F.2d 292." Consequently, the Court finds that the defendant has failed to demonstrate error, let alone plain error. Thus, the motion to withdraw his guilty plea on this basis is **DENIED**[5].

C.      **Failure to advise as to the Court's authority to impose restitution**.

The defendant argues that the Court failed to advise him of its authority to impose restitution. As pointed out by the government, at the hearing, the government noted that it would seek restitution.

> MS. CLEMENTE: The Government would be seeking the restitution amount of $682,768.31. I just want to put that on the record.

---

[5] In his reply, the defense argues that the Court's statement recited about, which ended in "as to each count," refers only to the special assessment. He argues that because terms of supervised release may only be imposed concurrently, the Court's language must have referred only to the special assessment. This logical fallacy, however, ignores that the Court was advising the defendant as to the maximum penalty he faced if he was convicted of "any" of the counts, without regard for the total punishment that could be imposed. Moreover, he seems bolstered by the lack of a comma between "$100" and "as to each count." (Doc. 148-1) However, of course, the Court gave the advisal was verbally, and it has no control over the punction included by the court reporter.

4

THE COURT: All right. That will be an issue to resolve, unless Mr. Collins wants an opportunity to talk to counsel about that today.

MR. ROONEY: No. I think we should resolve that in the future.

(Doc. 130 at 22) Even still, the defendant is not wrong that the Court was obligated to ensure that he understood the Court's authority to impose restitution. The Court did not do this.

However, the Ninth Circuit has held for decades that this failure constitutes harmful error only if the restitution imposed exceeds the maximum fine that could be imposed as to all counts combined. *United States v. Gamma Tech Indus., Inc.*, 265 F.3d 917, 931 (9th Cir. 2001) Here, the Court advised the defendant that the maximum fine amount was $250,000 on each of the five counts. (Doc. 130 at 14) Thus, unless the restitution imposed is greater than $2.5 million ($250,000 x 5 counts), there is no harmful error. The presentence report recommends restitution in an amount less than $700,000 (Doc. 133 at 6, 19, 21). Thus, the Court's failure to inform the defendant of its authority to impose restitution and to make sure he understood this authority, does not form a basis for the defendant to withdraw the guilty plea.

III.    **CONCLUSION AND ORDER**

For the reasons set forth above, the defendant's motion to withdraw his guilty pleas is **DENIED**.

IT IS SO ORDERED.

Dated:    **May 19, 2026**

UNITED STATES DISTRICT JUDGE

5