Kevin P. Rooney, #107554
Of Counsel, HAMMERSCHMIDT LAW CORPORATION
2445 Capitol Street, Suite 150
Fresno, CA  93721
Tel: (559) 233-5333
Fax: (559) 233-4333

Attorney for Defendant, MARVIN COLLINS

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARVIN COLLINS, et al<br><br>Defendants. | Case No.: 1: 24 CR 255 JLT/SAB<br><br>ORDER AGAIN DENYING THE STIPULATION TO CONTINUE THE SENTENCING<br>(Doc. 153) |

The parties to this matter, by and through their undersigned counsel, hereby stipulate as follows:

1. That sentencing and other issues in this case are complex and that additional time is needed to address them. Sentencing was previously delayed from the previously scheduled date of June 22, 2026 to a date to be determined after an anticipated motion hearing date. The motion was resolved without a hearing.

///

///

2.  The parties agree that the following schedule is appropriate:

Sentencing:    November 2, 2026

Formal Objections - Reply/Statement of NonOpposition:    October 19, 2026

Formal Objections:    October 5, 2026

It is so stipulated and agreed.

Dated: July 1, 2026                    ERIC GRANT, UNITED STATES ATTORNEY

                                        s/ Arelis Clemente
                                       ARELIS CLEMENTE
                                       Assistant United States Attorney

Dated:  July 1, 2026                   Respectfully submitted,

                                        /s Kevin Rooney
                                       KEVIN P. ROONEY
                                       Attorney for defendant
                                       MARVIN COLLINS

ORDER

On July 1, 2026, the parties filed a stipulation to continue the sentencing hearing for four months. (Doc. 151). They provided no explanation for the requested continuance except to say, broadly and ambiguously, that the sentencing issues were "complex." *Id*. The Court denied the stipulation because it failed to explain what the "complex" issues were and why, despite that the defendant entered his plea on January 20, 2026, counsel had been unable in the following six months to resolve these issues (Doc. 152).

Despite the Courts' clear indication that the stipulation was impermissibly vague and failed to meet the good cause standard, counsel again filed **the exact same stipulation** (Doc. 153) without even

acknowledging the Court's prior order.[1] Thus, once again, the Court **DENIES** the stipulation for the exact same reasons that it denied it before. *See* Doc. 152. Counsel **SHALL NOT** file the same stipulation again. The Court lacks the time to address stipulations which fail to demonstrate good cause and, most definitely, lacks the time to do it twice.

IT IS SO ORDERED.

Dated:    July 6, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[1] The Court is aware that the probation officer has filed a revised presentence report reducing the total offense level and, consequently, reducing the guideline range, though counsel do not even hint that this revised PSR constitutes the basis for the requested continuance. Likewise, the Court cannot see how it could be in light of the fact that they filed the first stipulation a day *before* the probation officer filed the revised PSR.