Kevin P. Rooney, #107554
Of Counsel, HAMMERSCHMIDT LAW CORPORATION
2445 Capitol Street, Suite 150
Fresno, CA  93721
Tel: (559) 233-5333
Fax: (559) 233-4333

Attorney for Defendant, MARVIN COLLINS

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Plaintiff,

      vs.

MARVIN COLLINS, et al

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 1: 24 CR 255 JLT/SAB

Renewed Stipulation and [Proposed] Order To Continue Sentencing date and Modify PreSentence Investigation Referral Schedule: Declaration In Support

The parties to this matter, by and through their undersigned counsel, hereby stipulate as follows:

1. That sentencing and other issues in this case are complex and that additional time is needed to address them. Sentencing was previously delayed from the previously scheduled date of June 22, 2026 to a date to be determined after an anticipated motion hearing date. The motion was resolved without a hearing.

///

///

1

2.  The parties agree that the following schedule is appropriate:

Sentencing:    November 2, 2026

Formal Objections - Reply/Statement of NonOpposition:    October 19, 2026

Formal Objections:    October 5, 2026

3.  On July 3, 2026 undersigned counsel re-submitted the stipulation and proposed order and attached a declaration addressing the bases for the requested continuance of the sentencing date and presentence investigation filing schedule.[1] Those bases are now addressed in this stipulation and proposed order.

4.  From the defense perspective, the most complex issue to be addressed in Mr. Collins' sentencing is calculation of the 'intended loss amount' which is the major determinant of the applicable Sentencing Guideline offense level. The defense contends that duplicative tax filings should not increase the intended loss amount. Sorting out duplicative from non-duplicative returns requires a significant amount of time and attention to detail. Mr. Collins submitted numerous filings in any given tax year all seeking refunds of the same claimed tax payments. Some filings were labelled amended returns and others were not, some used his name and SSN, others used the Trust name and EIN. Counsel needs to articulate how Mr. Collins did not expect the government to pay each duplicative claim. Three attempts to obtain the same object, or to obtain a tax refund for a specific claimed

---

[1] Undersigned counsel addressed the bases for the request in a declaration, as opposed to in the stipulation itself, because government counsel was away from her office until July 13. That circumstance was noted in the declaration. In addition, the renewed request was filed on a federal holiday.

tax payment in a specific year, does not amount to an intended loss of three objects or triple the claimed tax payment/resulting refund.

5. Defense counsel also needs to refresh the legal research concerning calculation of the 'wash-out period' for prior offenses and the viability of a related Guideline Sentencing Application Note given the demise of deference to agency interpretations of non-ambiguous regulations after *Kisor v. Wilke*.

6. In its July 2 order, the Court noted that the previous stipulation did not address why these issues had not been addressed earlier. From defense counsel's perspective, there are several reasons.

Defense counsel did not prioritize work on Mr. Collin's sentencing because on April 27, 2026, the Court pursuant to a stipulation by the parties, vacated the sentencing date for a "new date to be determined on July 13, 2026 or subsequently." *See*, Document 143, p. 2. Since April 27, there has not been a date set for sentencing. [2]

Counsel has a busy practice and often must reconcile competing deadlines. In addition, on May 5, 2026, a routine dental appointment morphed into series of lengthy and time-consuming procedures with three completed and likely two or more remaining.

///

---

[2] The July 13 scheduling date coincided with the hearing date for Mr. Collins' motion to withdraw his plea. That July 13 date was selected in part due to government counsel's schedule which included many obligations in the interim period between April and July. On May 19, the court issued an order denying the motion to withdraw the guilty plea and vacating the hearing on that motion. *See*, Document 149. That order did not address the sentencing date or its scheduling.

Mr. Collins is housed at the Taft Jail which makes communication more challenging and time-consuming. Mail takes approximately a week to reach Mr. Collins. Communication is primarily through one hour Zoom meetings. Drive time is approximately 3 hours each way and there is no access – in person or by Zoom - from 11:00 a.m. – 1:00 p.m.

The proposed Guideline Amendments take effect November 1, 2026 and counsel believes the Amendment, particularly the inflation adjustment to the Loss Table, may benefit Mr. Collins. Counsel booked international travel in April and will be travelling between November 8 -19.

On July 2, 2026, a revised PreSentence Report was filed. See, Document 152. Counsel will need additional time to review that report and consult with Mr. Collins.

It is so stipulated and agreed.


Dated: July 6, 2026                          ERIC GRANT, UNITED STATES ATTORNEY

                                              s/ Joe Barton
                                             JOSEPH BARTON
                                             Assistant United States Attorney


Dated:  July 6, 2026                         Respectfully submitted,

                                              /s Kevin Rooney
                                             KEVIN P. ROONEY
                                             Attorney for defendant
                                             MARVIN COLLINS

4

[~~PROPOSED~~ ] ORDER


IT IS SO ORDERED, pursuant to the stipulation of the parties, that sentencing in this matter shall be held on November 2, 2026 and that filings shall comply with the schedule set forth in the stipulation between the parties.


IT IS SO ORDERED.

Dated:    July 7, 2026

_____
UNITED STATES DISTRICT JUDGE

5